

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 13, 1970

Honorable A. J. Hartel, III        Opinion No. M-608
County Attorney
Liberty County                     Re:  Compensation of members
P. O. Box 431                           of the Board of Com-
Liberty, Texas  77575                   missioners of the Chambers-
                                        Liberty Counties Navigation
Dear Mr. Hartel:                        District.

        You have requested our opinion on the legality of
the compensation paid to members of the Board of Commissioners
of the Chambers-Liberty Counties Navigation District pursuant
to an order adopted November 23, 1965 by the Commissioners
Courts of Chambers and Liberty Counties, under authority of
Section 13 of Article 8263h, Vernon's Civil Statutes.

        This Section 13 provides that members of the Board
of Commissioners of Navigation Districts created pursuant
to Article 8263h shall "receive for their services such
compensation as may be fixed by the commissioners court and
made of record".

        Under these provisions the compensation is left
to the discretion of the commissioners courts of the counties
comprising the Navigation District.  Carpenter v. Arroyo-
Colorado Navigation District, 111 S.W.2d 822 (Tex.Civ.App.
1937, no writ).  You state in your request that pursuant
to the provisions of Section 13 of Article 8263h the Com-
missioners Courts of Chambers and Liberty Counties on
November 23, 1965 adopted orders providing that:

        ". . . the compensation of members of the
    Board of Commissioners of the Chambers-Liberty
    Counties Navigation District shall be Twenty-
    five ($25.00) per day for each regular or called
    meeting attended by a Commissioner and for each
    day required to be spent by a Commissioner in
    discharging the authorized responsibilities
    and business of the District."   (Emphasis ours.)

-2902-

In view of the foregoing, you ask the following question:

"I would appreciate your opinion as to whether the above cited orders of the Chambers and Liberty Counties Commissioners Courts fixing compensation for services of the Board members of the Chambers-Liberty Counties Navigation District are authorized and valid under Section 13 of Article 8263h and whether payments in accordance therewith may be made for the days which the Board authorizes a member to spend in working on the authorized responsibilities and business of the District."

The order of the commissioners court involved in Carpenter v. Arroyo-Colorado Navigation District, supra, fixed the compensation at a per diem "for each regular or called meeting" of the Board and the Court in that case held that the order of the Commissioners Court did not allow compensation to a member who voluntarily absented himself from the meeting of the Board. Under the facts submitted in your request, the order of the Commissioners Court is not so limited.

Since it is within the power and discretion of the Chambers and Liberty Counties Commissioners Courts to fix the compensation for services of Board members of the Chambers and Liberty Counties Navigation District, you are advised that the above quoted order is valid and no abuse of discretion is shown on the part of the Courts in the fixing of the compensation.

You are further advised that the twenty-five ($25.00) per day authorized by the above quoted order is not limited to the attendance of meetings of the Board of Commissioners of the Chambers-Liberty Counties Navigation District only, but also includes each day required to be spent by a member of the Board in discharging the authorized responsibility and business of the District.

### S U M M A R Y

Section 13 of Article 8263h, V.C.S., authorizes the Commissioners Courts of the counties

comprising Navigation Districts created by that Article to fix the compensation of the members of the Navigation District Board; and where an order of the Commissioners Court so authorizes, a reasonable per diem for each day required to be spent by a Board member in discharging the authorized responsibility and business of the District may be allowed.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Vince Taylor
Jo Betsy Lewallen
James Quick
H. C. Heldenfels, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant